UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:13-mc-00124-MOC-DSC

| | | |
|---|---|---|
| **TERESA BONIFATTO,** | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **UNITED STATES OF AMERICA, et al.,** | ) | |
| | ) | |
| Respondents. | ) | |

**THIS MATTER** is before the court on petitioner's "Petition to Quash IRS Third-Party Summons" (#1), in which plaintiff seeks to quash an administrative summons issued by the Internal Revenue Service, which purports to require a financial institution, "Discover Card," to provide certain account information, which appears[1] to have been made pursuant to the *Financial Privacy Act of 1978*. Title 12, United States Code, Section 3410 provides, in relevant part, as follows:

(a) **Filing of motion to quash or application to enjoin; proper court; contents**

Within ten days of service or within fourteen days of mailing of a subpoena, summons, or formal written request, a customer may file a motion to quash an administrative summons or judicial subpoena, or an application to enjoin a Government authority from obtaining financial records pursuant to a formal written request, with copies served upon the Government authority. A motion to quash a judicial subpoena shall be filed in the court which issued the subpoena. A motion to quash an administrative summons or an application to enjoin a Government authority from obtaining records pursuant to a formal written request shall be filed in the appropriate United States

---

[1] The summons attached to the motion does not cite to any provision of law.

1

> district court. Such motion or application shall contain an affidavit or sworn statement-
>
> (1) stating that the applicant is a customer of the financial institution from which financial records pertaining to him have been sought; and
>
> (2) stating the applicant's reasons for believing that the financial records sought are not relevant to the legitimate law enforcement inquiry stated by the Government authority in its notice, or that there has not been substantial compliance with the provisions of this chapter.
>
> Service shall be made under this section upon a Government authority by delivering or mailing by registered or certified mail a copy of the papers to the person, office, or department specified in the notice which the customer has received pursuant to this chapter. For the purposes of this section, "delivery" has the meaning stated in rule 5(b) of the Federal Rules of Civil Procedure.

12 U.S.C.A. § 3410(a) (errors in original corrected herein). While petitioner has not verified her motion, such oversight can be corrected in due course. Petitioner is instructed to file a verification of her petition within seven days of receiving this Order.

The court has conducted the initial screening required by 12, United States Code, Section 3410, and determined that the United States should file a response.[2] The court finds that plaintiff has initially complied with Section 3410(a). The United States shall, therefore, file a sworn response within 14 days of receipt of this Order,[3] which may be

---

[2] The court notes that plaintiff certifies that she has served the Internal Revenue Service through Agent Bourne, but does not indicate that she has served the United States Attorney, as is typically required. Section 3410 appears to provide for minimal service of the United States under Rule 5.

[3] The Federal Rules of Civil Procedure typically provide the United States with 60 days to respond to a complaint. This proceeding is initiated by "motion" and the Local Rules provide for 14 days to file a response, which may be enlarged upon a

filed *in camera* if the United States includes in its response the reasons which make *in camera* review appropriate. In accordance with the statute, all proceedings shall be completed and the motion or application decided within seven calendar days of the filing of the United States' response.

In such initial screening, the court makes no finding as to whether the petition was timely inasmuch as it is unclear whether the summons was mailed or formally served.

**ORDER**

**IT IS, THEREFORE, ORDERED** that the United States file its response to plaintiff's petition within 14 days of receipt of this Order.

**The Clerk of Court is instructed to send a copy of this Order to the United States Attorney, attention Paul Taylor.**

Signed: August 14, 2013

Max O. Cogburn Jr.
United States District Judge

---

showing of good cause by the United States.