# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

| | |
|---|---|
| TERESA BONIFATTO, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CIVIL NO. 3:13-MC-00124-MOC-DSC |
| ) | |
| UNITED STATES OF AMERICA, et al., ) | |
| ) | |
| Respondents. ) | |

## ORDER

**THIS MATTER** is before the Court on "Federal Defendants' Motion to Dismiss [Petition to Quash Third Party Summons]" (document #3) filed on August 27, 2013, as well as the parties' briefs and exhibits.

This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b)(1), and the Motion is now ripe for the Court's consideration.

On July 9, 2013, Petitioner was served with notice of a summons issued by the Internal Revenue Service to third-party record keeper Discover Card. See Document #1 at 6.

On July 31, 2013, Petitioner mailed her "Petition to Quash IRS Summons" (document #1). It was received by the United States District Court for the Western District of North Carolina on August 5, 2013. See Envelope, Attachment #3 to Document #1.

Section 7609(b)(2)(A) of the Internal Revenue Code provides in part that "any person who is entitled to notice of a summons under subsection (a) shall have the right to begin a proceeding to quash such summons not later than the 20th day after the day such notice is given in the manner provided in subsection (a)(2)." Subsection (a)(2) of Section 7609 provides, "notice shall be sufficient if . . . such notice . . . is mailed by certified or registered mail to the

1

last known address of such person . . . ." 26 U.S.C. § 7609 (a)(2). If a proceeding to quash is not commenced within the twenty day period, the District Court is without jurisdiction to quash the summons. Bogue v. United States, 2007 WL 5174951, *2 (E.D.N.C. 2007) (citing Henderson v. United States, 778 F.Supp. 274, 276 (D.S.C.1991)); see also Shipley v. United States, 74 A.F.T.R.2d 94-7713 (E.D. Cal. 1994); Brohman v. United States, 587 F. Supp. 62 (W.D.N.Y. 1984); Riggs v. United States, 575 F. Supp. 738 (N.D. Ill. 1983); Grisham v. United States, 578 F. Supp. 73 (S.D.N.Y. 1983); Bilodeau v. United States, 577 F. Supp. 234 (N.H. 1983).

Section 7609 waives the sovereign immunity of the United States. Therefore, the statute's notice requirements are jurisdictional prerequisites and must be strictly enforced. Vaughan v. United States, 2002 WL 1058118 (E.D.N.C. 2002); (citing Clay v. United States 199 F.3d 876, 879 (6th Cir.1999) (dismissing petition to quash because it was filed twenty-two days after petitioner received notice of the summons)); Stringer v. United States, 776 F.2d 274, 275 (11th Cir.1985) (dismissing petition because it was filed twenty-one days after petitioner received notice).

Petitioner argues that she was entitled to an additional three days in which to commence a proceeding to quash the summons pursuant to Fed. R. Civ. P. 6(e). The parties have not cited any controlling authority on this point. The Sixth Circuit Court of Appeals has persuasively rejected this argument. Clay v. United States, 199 F.3d 876, 879 (6th Cir. 1999) ("Rule 6(e) and the three-day extension it provides have consistently been held to be inapplicable to jurisdictional periods for commencing a proceeding in the district court") (citing United States v. Easement and Right-of-Way, 386 F.2d 769, 771 (6th Cir.1967); Brohman v. Mason, 587 F.Supp. 62, 63 (W.D.N.Y.1984)).

The Petition to Quash was mailed and filed more than twenty days after July 9, 2013. For this and the other reasons stated in the Federal Defendants' briefs, their Motion to Dismiss is granted. The "Petition to Quash IRS Third Party Summons" is dismissed.

The Clerk is directed to send copies of this Order to counsel for the parties, and to the Honorable Max O. Cogburn, Jr..

**SO ORDERED**.

Signed: October 29, 2013

David S. Cayer
United States Magistrate Judge